# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VICTOR HERBERT CARROLL, <br> # 17623-003, <br>     Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>     Respondent. | * <br> * <br> * <br> * <br> * CRIMINAL NO. 19-00134-CG-B <br> * CIVIL ACTION NO. 22-00410-CG-B <br> * <br> * <br> * <br> * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Victor Herbert Carroll's "Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255" and the Government's Motion to Dismiss. (Docs. 59, 61). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases. Having carefully reviewed the record, the undersigned recommends that Carroll's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DISMISSED** without prejudice, because it is premature.

### I. BACKGROUND

On May 29, 2019, Petitioner Victor Herbert Carroll was charged in a four-count indictment with possession with intent to distribute methamphetamine (count one), possessing a firearm during a drug trafficking felony (count two), and possession of a

firearm by a felon (counts three and four). (Doc. 1). On July 25, 2019, Carroll entered a guilty plea to counts one, two, and three pursuant to a counseled plea agreement. (Doc. 24). On January 29, 2020, Carroll was sentenced to 60 months as to one and three, to be served concurrently, and 60 months to count two, to be served consecutively to counts one and three, along with four years of supervised release, and $300 in special assessments. (Doc. 39). The Government filed a Motion for Judgment of Forfeiture and on February 3, 2020, the Court entered a forfeiture judgment, ordering that Carroll's interest in firearms and ammunition was forfeited to the United States. (Docs. 41, 42).

On December 2, 2021, Carroll filed a notice of appeal. (Doc. 44). Carroll's counsel of record, James Pittman, requested and was granted permission to withdraw on April 26, 2022. (Docs. 51, 52). Richard Shields was appointed to represent Carroll on appeal. (Doc. 53).

On October 14, 2022, Carroll, proceeding *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. (Doc. 59). In his motion, Carroll alleges that 924(c)(1)(A) is not a crime of violence, and that his sentence was imposed as a result of an incorrect application of the sentencing guidelines. (Id.). Carroll also asserts double jeopardy claims and argues that his conviction under 922(g)(1) is unconstitutional. (Id.).

In its motion to dismiss, the Government argues that this Court lacks jurisdiction to consider Carroll's petition because he has a direct appeal pending before the Eleventh Circuit. (Doc. 61). The Government also argues that Carroll's motion is unauthorized because he is represented by counsel, and therefore cannot file pro se motions. (Id. at 2).

## II. HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

3

**III. DISCUSSION**

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must show that one of the following occurred: (1) "the sentence was "imposed in violation of the Constitution or laws of the United States," (2) the "court was without jurisdiction to impose such sentence," or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Section 2255 further requires that a federal prisoner file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Ordinarily, a conviction becomes final once the opportunity for direct appeal has been exhausted. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).[1]

The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot. United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Welsh

---

[1] A careful reading of § 2255, and relevant case law, suggests that a request for habeas relief should follow a request for relief via direct appeal. See 28 U.S.C. § 2255(f); Akins, 204 F.3d at 1089 n.1; Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

4

v. United States, 404 F.2d 333, 333 (5th Cir. 1968)[2] ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), abrogated on other grounds by United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988); United States v. Casaran-Rivas, 311 F. App'x 269, 272-73 (11th Cir. 2009) (unpublished) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief. . . . [T]he district court should have dismissed [the] § 2255 motion as premature."); Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence").

Accordingly, based upon the relevant case law, it is clear that collateral relief and direct appellate relief ordinarily cannot be pursued simultaneously, since the result of a direct appeal might render a habeas petition unnecessary or moot. See Khoury, 901 F.2d at 976. In this case, as indicated above, Carroll's direct appeal is currently pending before the Eleventh Circuit. Absent extraordinary circumstances, this Court is without jurisdiction to entertain Carroll's § 2255 motion during the pendency of his direct appeal. A review of Carroll 28 U.S.C. § 2255 motion (Doc. 59) reveals no such extraordinary circumstances warranting immediate review. Accordingly, Carroll's § 2255 motion should be dismissed without prejudice as premature. See Alaeldin v. United States, 2005 U.S. Dist. LEXIS 34628, at *2 (M.D. Fla. Dec. 7, 2005) ("This Court lacked jurisdiction to consider the 2255 motion when filed, due to the pending appeal; the motion could in fact have been dismissed on that ground.").

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that the Government's motion be **GRANTED,** and that Petitioner Victor Herbert Carroll's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 59) be **DISMISSED without prejudice** as prematurely filed. The dismissal is without prejudice to Carroll's

6

right to file a new habeas petition after the disposition of his direct appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court[3]. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

---

[3] Although the Court's briefing order (Doc. 60) accorded Carroll until February 3, 2023, to file a reply, no reply is warranted under the circumstances. However, if he elects to do so, Carroll may file objections to the instant report and recommendation.

7

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **5th** day of **January, 2023.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**